IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONG QUN LIN, | : | No. 4:CV-05-0299 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Mannion) |
| CORRECTIONAL OFFICER MITCHELL, ET AL., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**February 27, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Long Qun Lin ("Plaintiff" or "Lin"), an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), in Bellefonte, Pennsylvania, proceeding pro se, commenced this 42 U.S.C. § 1983 ("§ 1983") action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on February 10, 2005. (See Rec. Doc. 1). The case was referred to United States Magistrate Judge Malachy E. Mannion for preliminary review.

On February 10, 2005, Plaintiff filed an application to proceed in forma pauperis and an authorization form; however, the application was not acted upon

1

because on March 4, 2005, in response to an administrative order directing Plaintiff to pay the filing fee or face dismissal of the complaint, he paid the $250 filing fee. (Rec. Docs. 5, 6).  In addition, Magistrate Judge Mannion denied Plaintiff's initial Motion to Appoint Counsel, as well as two additional motions requesting counsel. (Rec. Docs. 3, 8, 9-12).  On June 15, 2005, Plaintiff submitted an amended complaint, which Magistrate Judge Mannion had permitted as per a May 27, 2005 order, and which mooted Defendants' previously filed Motion to Dismiss.

On June 23, 2005, Defendant Franklin J. Tennis ("Defendant Tennis") filed a Motion to Dismiss, which has been briefed by the parties.  The Motion is therefore ripe for disposition.

On February 8, 2006, Magistrate Judge Mannion issued a report recommending that Defendant Tennis's Motion to Dismiss be granted.  (See Rep. & Rec. at 9).  Objections to the report were filed on February 23, 2006.  (Rec. Doc. 28).

**STANDARD OF REVIEW**

We initially note that in considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit

added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL BACKGROUND:**

The Magistrate Judge provided a detailed rendition of the factual background in this case. Accordingly, to summarize, Plaintiff alleges that on September 9, 2004, prison personnel conducted a general search for contraband of Plaintiff's housing unit, which involved two correctional officers ordering Plaintiff to strip to his underwear, removing him from his cell, handcuffing his arms behind his back, and asking Plaintiff questions concerning their search outside his cell. Defendant Mitchell twice told Plaintiff not to turn his head when responding to the officers' questions. When Plaintiff explained that he was trying to answer the other officers' questions, Defendant Mitchell ordered him not to turn his head and to "stop smart assing with him." (Rep. & Rec. at 4). Defendant Mitchell dragged Plaintiff around the corner when Plaintiff again tried to explain why he was turning his head and ordered Plaintiff to kneel. Plaintiff refused, fearing he would be beaten, which resulted in Defendant Mitchell seizing Plaintiff and throwing him to the floor. Defendant Mitchell then stepped on Plaintiff's back and continued to raise his cuffed hands, despite Plaintiff's "excruciating pain."

During this assault, Correctional Officer Cavalucci ("C.O. Cavalucci") was present and Plaintiff alleges that C.O. Cavalucci told Defendant Mitchell to stop his assault. A sergeant ordered Defendant Mitchell to take Plaintiff to administrative

custody. On the way to administrative custody, Plaintiff was rebuffed after attempting to complain to Lieutenant Yarger. Plaintiff then complained to Captain Eaton, who ordered C.O. Cavalucci to assist Defendant Mitchell in taking Plaintiff to the infirmary for medical attention. (Rep. & Rec. at 5). At the infirmary, Nurse Hayes examined Plaintiff and stated it appeared as if he had been involved in a fight. When she asked Plaintiff what occurred, Defendant Mitchell ordered him not to respond.

On October 12, 2004, Plaintiff filed an official grievance alleging physical abuse, denial of proper medical care, and denial of procedural due process to which Captain Eaton, the responding official, indicated that Plaintiff received medical attention and received a misconduct for his behavior. (Rep. & Rec. at 6). Plaintiff appealed the decision to Defendant Tennis, the superintendent of SCI-Rockview, who, without conducting his own investigation and reliant upon Captain Eaton's findings, upheld the decision. The chief grievance coordinator, to whom Plaintiff appealed Defendant Tennis's decision, upheld the prior findings.

**DISCUSSION:**

In his two-page objections, Plaintiff argues that his amended complaint states a claim of "deliberate indifference." "The Plaintiff based his claims against Defendant Tennis solely on his responsibility and failure to properly investigate the

Plaintiff's claims of abuse at the hands of C.O. Mitchell." (Rec. Doc. 28 at 1). Plaintiff is accordingly contending that his claims against Defendant Tennis are not founded upon his failure to provide him with a favorable grievance response, or his actual involvement in the events leading to the filing of the grievance. Plaintiff argues that his claims are allegedly founded upon his "deliberate indifference" to Defendant Tennis's duty to respond to and to investigate Plaintiff's abuse allegations. Id. at 2.

After a careful review of the record in this case and for the reasons that follow, we are in agreement with the Magistrate Judge that Plaintiff's contention that Defendant Tennis is liable for his mistreatment because he affirmed an adverse response to Plaintiff's official grievance, instead of conducting an independent investigation, does not raise a cognizable claim under 42 U.S.C. § 1983.

We initially note that as explained by the Magistrate Judge, to state a claim under § 1983, the plaintiff must show that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). As the Third Circuit Court of Appeals has instructed, liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through

specific allegations of personal direction or actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). In addition, relief cannot be granted against a defendant pursuant to § 1983 based solely upon the theory of respondeat superior or the fact that the defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law. Rouse v. Plantier, 182 F.3d 192, 200 (3d Cir. 1999); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); Goode v. Rizzo, 506 F.2d 542, 550 (3d Cir. 1974), rev'd on other grounds, 423 U.S. 362 (1976).

In his amended complaint and again in his objections to the Magistrate Judge's report, Plaintiff's sole allegation against Defendant Tennis is that "on information and belief he did not investigate the grievance, but simply relief on Eaton's findings" and this "failure to properly investigate the Plaintiff's claim was deliberately indifferent and constituted cruel and unusual punishment in violation of the 8th amendment to the U.S. Constitution." (Am. Comp. at ¶¶ 53, 60; see also Rec. Doc. 28).

Even accepting all of Plaintiff's allegations in the amended complaint as true, as we must at this juncture, Plaintiff's amended complaint fails to state a claim upon

which relief can be granted for two distinct reasons. First, Defendant Tennis lacked personal involvement in the events as recited by Plaintiff, as is necessary for liability under § 1983, as previously noted. As the Magistrate Judge submits, Defendant Tennis neither personally directed Defendant Mitchell in the alleged deprivation of Plaintiff's constitutional rights, nor actually knew of and acquiesced in Defendant Mitchell's alleged misconduct. Robinson, 120 F.3d at 1294 (citing Rode, 845 F.2d at 1207). The facts as alleged by Plaintiff show that Defendant Tennis did not participate in the alleged attack on Plaintiff, but encountered the incident only through Plaintiff's appeal of the official grievance, which demonstrates knowledge of the alleged attack, but not acquiescence to uphold an initial finding by the investigating officer that was adverse to Plaintiff's claims.

Second, Plaintiff's amended complaint fails to state a claim upon which relief can be granted because inmates have no constitutional right to a prison grievance process. Thibodeau v. Watts, 2006 WL 89213 at *5 (M.D. Pa. Jan. 11, 2006); Pressley v. Beard, 2005 WL 2347369 at *4 (M.D. Pa. Sept. 26, 2005); Wilson v. Horn, 971 F. Supp. 943, 946 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998); Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd, 74 F.3d 1226 (3d Cir. 1995); Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) ("[W]hile I applaud such procedures, and

indeed urged their adoption . . . I do not suggest that the procedures are constitutionally mandated.") (internal citation omitted).  Moreover, even if the state provides for a grievance procedure, as Pennsylvania does, violations of those procedures do not amount to a § 1983 cause of action.  Hoover, 886 F. Supp. at 418.

Accordingly, Plaintiff's objections asserting that his amended complaint states a claim for "deliberate indifference" based upon Defendant Tennis's alleged failure to properly investigate Plaintiff's abuse claims are meritless.  Defendant Tennis's alleged failure to independently investigate Plaintiff's grievance appeal does not implicate a violation of Plaintiff's constitutional rights cognizable under § 1983.  Our review of this case confirms the Magistrate Judge's determinations and well-reasoned analysis.  Because we find no error in Magistrate Judge Mannion's report and recommendation, we will adopt the Magistrate Judge's recommendations as our own.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Mannion's Report and Recommendation (doc. 27) is adopted in its entirety.

2. Defendant Tennis's Motion to Dismiss Plaintiff's Amended Complaint (doc. 20) is GRANTED.

3. The Clerk of Court shall refer this matter back to Magistrate Judge Mannion for further pretrial proceedings.

s/ John E. Jones III  
John E. Jones III  
United States District Judge