IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONG QUN LIN, | : |
| Plaintiff, | : CIVIL NO. 4:CV-05-299 |
| v. | : (Judge Jones) |
| CORRECTIONAL OFFICER MITCHELL, | : |
| Defendant. | : |

## MEMORANDUM

January 25, 2007

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a Motion for Summary Judgment ("the Motion"), filed by Defendant Correctional Officer Mitchell ("Defendant") on July 31, 2006. (Rec. Doc. 37). On December 21, 2006, the United States Magistrate Judge Malachy E. Mannion issued a report recommending that Defendant's Motion be granted to the extent that Plaintiff's 42 U.S.C. § 1983 ("§ 1983") claim be dismissed and that Plaintiff's pendent tort claims be dismissed without prejudice to the re-filing of said claims in state court. (Rec. Doc. 44). For the reasons that follow, we will adopt Magistrate Judge Mannion's report in its entirety.

1

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On February 10, 2005, Plaintiff Long Qun Lin ("Plaintiff") filed a Complaint in the above-captioned action. (Rec. Doc. 1).

On July 31, 2006, Defendant filed the instant Motion. (Rec. Doc. 37). On December 21, 2006, the Magistrate Judge issued a report recommending that Plaintiff's Motion be granted to the extent that Plaintiff's § 1983 claim be dismissed and that Plaintiff's pendent state law claims be dismissed without prejudice to the re-filing of said claims in state court. (Rec. Doc. 44).

Objections to Magistrate Judge Mannion's Report were due on January 11, 2007, and to this date none have been filed. This matter is ripe for disposition.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms the Magistrate Judge's determinations and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's report and recommendation.

As the Magistrate Judge explains, Plaintiff, an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), filed this federal civil rights action pursuant to § 1983. (Rec. Doc. 44 at 1). Plaintiff alleges that his rights under the Eighth Amendment were violated when Defendant used excessive force during the course of a search of Plaintiff's housing unit at SCI-Rockview. (Rec. Doc. 44 at 1, 3-4). Plaintiff also alleges that Defendant's actions render him liable for assault, battery, and intentional infliction of emotional distress under state law. (Rec. Doc. 44 at 5). In the instant Motion, Defendant argues that there is no genuine issue of material fact and that he is entitled to summary judgment as to Plaintiff's § 1983 claim. (Rec. Doc. 44 at 14).

After a careful review of the record, we agree with the Magistrate Judge's conclusion that Plaintiff's § 1983 claim should be dismissed. We so conclude for several reasons.

First, we find that Defendant used force to subdue Plaintiff in "a good faith effort to maintain or restore discipline" and not "maliciously and sadistically for

the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992). As the Magistrate Judge notes, at the time Defendant subdued Plaintiff during a search of Plaintiff's housing unit, Plaintiff was a Custody Level 4 inmate, with a history of discipline problems, who acted in direct contravention of Defendant's orders to turn his face toward a certain direction, and later, to kneel. (Rec. Doc. 44 at 6, 16). Plaintiff's repeated failure to obey Defendant's order to face a certain direction posed a security concern because it caused other inmates to laugh and comment, and could have inspired them to become disruptive as well. (Rec. Doc. 44 at 16). Defendant had to make a decision "in haste, under pressure, and . . . without the luxury of a second chance," Hudson, 503 U.S. at 6. Accordingly, Defendant chose to exert force in two instances: first he put his right hand between Plaintiff's shoulders and applied force in an attempt to turn Plaintiff to face in the direction ordered, and later he applied pressure to force Plaintiff to the floor after Plaintiff had failed to follow an order to kneel. (Rec. Doc. 44 at 12). "There is no evidence in the record that he used any more force than was necessary to defuse the situation." (Rec. Doc. 44 at 16).

Second, because we have found that Defendant did not use force maliciously or sadistically, we also consider the extent of Plaintiff's injuries. Hudson, 503 U.S. at 9-10 (noting that "[t]he Eighth Amendment's prohibition of

4

'cruel and unusual' punishment necessarily excludes from constitutional recognition <u>de minimus</u> uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"). The injuries that Plaintiff incurred during the incident were not serious. (Rec. Doc. 44 at 16). The record reflects that the altercation resulted in a superficial scrape on his leg and a contusion on his shoulder; that he had no swelling, discoloration, or open areas on his wrists; that the ranges of motion in his shoulders, arms, wrists, and legs were all within normal limits; and that his examination was normal in all other respects. (Rec. Doc. 44 at 16). Further, after his initial examination by Nurse Hayes following the incident, he required no other medical treatment. (Rec. Doc. 44 at 16).

Additionally, we agree with the Magistrate Judge's conclusion that Plaintiff's pendent tort claims should be dismissed without prejudice to the re-filing of said claims in state court. 28 U.S.C. § 1367(c)(3) provides that if "the district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over a claim . . . ." As the Court of Appeals for the Third Circuit noted in <u>Annulli v. Panikkar</u>, 200 F.3d 189 (3d Cir. 1999), "this administrative decision is left to the sound discretion of the district court, and . . . [is] review[ed] . . . for abuse of discretion, focusing on

whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity." Id. at 202. Annulli's guidance on the fairness and comity factors suggests that they weigh in favor of dismissal here. Id. at 203. With respect to fairness, Plaintiff risked dismissal of his supplemental claims when he filed suit in federal court. Moreover, there appears to be no indication that the statute of limitations would bar re-filing in state court at this time. Further, comity favors allowing state courts to hear state law claims. Finally, Plaintiff's case was filed less than one year ago and any discovery Plaintiff has obtained thus far can be used to pursue his state claims in state court.

Because we agree with Magistrate Judge Mannion's conclusion that summary judgment should be granted with respect to Plaintiff's § 1983 claim and that Plaintiff's pendent tort claims should be dismissed without prejudice to the re-filing of said claims in state court, we will adopt the report as our own. The Motion shall be granted to the extent discussed above.

An appropriate Order shall issue.